**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:07CR71** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | |
| **MARTIN CAMPOS-ALBARRAN,** | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | **ON GUILTY PLEA** |

On June 1, 2007, defendant Martin Campos-Albarran (Campos-Albarran), together with his counsel, Mary C. Gryva, appeared before the undersigned magistrate judge. Laura Garcia-Hein, a certified interpreter in the Spanish language, served as the interpreter. Campos-Albarran was advised of the charges, the penalties and the right to appear before a United States District Judge. After orally consenting to proceed before a magistrate judge, Campos-Albarran entered a plea of guilty to Count V of the Indictment. Campos-Albarran previously appeared before the court on May 22, 2007, and tendered a plea of guilty to Count XII. However, questions arose as to a factual basis for such a plea, and the hearing was continued to June1, 2007. The parties have amended their plea agreement and Campos-Albarran has filed a new petition to enter a plea of guilty. Campos-Albarran withdrew his previously entered plea of guilty to Count XII.

After being sworn, Campos-Albarran was orally examined by the undersigned magistrate judge in open court as required by Federal Rule of Criminal Procedure 11. Campos-Albarran also was given the advice required by that Rule. Finally, Campos-Albarran was given a full opportunity to address the court and ask questions.

Counsel for the government and counsel for Campos-Albarran were given the opportunity to suggest additional questions by the court. Moreover, both counsel orally certified that they were of the opinion that the plea was knowing, intelligent and voluntary, and that there was a factual basis for Campos-Albarran's plea of guilty to Count V of the Indictment.

Therefore, I find and conclude that: (1) the plea is knowing, intelligent, and voluntary; (2) there is a factual basis for the plea; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a petition to enter a plea of guilty, on a form approved by the court, was completed by Campos-Albarran, Campos-Albarran's counsel and counsel for the government, and such petition was placed in the court file (Filing No. 86); (5) the plea agreement is in writing and is filed in the court file (Filing No. 87); (6) there were no other agreements or stipulations other than as contained in the written plea agreement.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

1. She accept the guilty plea and find the defendant, Martin Campos-Albarran, guilty of the crime set forth in Count V of the Indictment to which Campos-Albarran tendered a guilty plea;

2. She accept the written plea agreement with the understanding that the court is not bound by the parties' stipulations, but may with the aid of the presentence report, determine the facts relevant to sentencing.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 1st day of June, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge