IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR71** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MARTIN CAMPOS-ALBARRAN,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 135, 136 & Addendum to PSR).  *See* "Order on Sentencing Schedule," ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

Both parties object to the quantity of controlled substance attributable to the Defendant in ¶ 31 and the base offense level 32.  The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) recommends a base offense level of 30. The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated as level 30.

The Defendant also objects to ¶ 23, which relates to his objection to drug quantity. This objection does not otherwise affect the sentencing guideline calculation, and the objection is denied as moot.

IT IS ORDERED:

1.  The Court's tentative findings are that the Defendant's objections (Filing No. 136, Addendum to PSR) to the PSR are granted in part and denied in part as follows:

    a.  the objection to ¶ 31 is granted;

   b. the objection to ¶ 23 is denied as moot;

 2. The Court's tentative findings are that the government's objections (Filing No. 135) to the PSR are granted;

 3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

 4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

 5. Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

 6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

 DATED this 13th day of August, 2007.

              BY THE COURT:

              s/Laurie Smith Camp
              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR71** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MARTIN CAMPOS-ALBARRAN,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 135, 136 & Addendum to PSR).  *See* "Order on Sentencing Schedule," ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

Both parties object to the quantity of controlled substance attributable to the Defendant in ¶ 31 and the base offense level 32.  The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) recommends a base offense level of 30.  The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated as level 30.

The Defendant also objects to ¶ 23, which relates to his objection to drug quantity.  This objection does not otherwise affect the sentencing guideline calculation, and the objection is denied as moot.

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's objections (Filing No. 136, Addendum to PSR) to the PSR are granted in part and denied in part as follows:

    a. the objection to ¶ 31 is granted;

  b. the objection to ¶ 23 is denied as moot;

 2. The Court's tentative findings are that the government's objections (Filing No. 135) to the PSR are granted;

 3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

 4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

 5. Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final;

 6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

 DATED this 13th day of August, 2007.

            BY THE COURT:

            s/Laurie Smith Camp
            United States District Judge